[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14617
Non-Argument Calendar

_____

Agency Nos. A96-810-579
A96-610-580

ELIZABETH CUBILLOS,
JAMES ISAZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 19, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Elizabeth Cubillos and her husband, James Isaza, natives and citizens of

Columbia, petition for review of the decision of the Board of Immigration Appeals denying their motion to reopen their removal proceedings.

## I.

Cubillos and Isaza entered the United States as non-immigrant visitors in 1998. After they were served notices to appear for remaining in the United States longer than permitted, Cubillos, with Isaza as a derivative applicant, filed an application for asylum and withholding of removal and sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. The Immigration Judge denied relief and the BIA dismissed the petitioners' appeal. Cubillos and Isaza did not file a petition for review with this Court.

Instead, they filed a motion to reopen with the BIA. That motion was based on a claim of ineffective assistance of counsel and contended that their attorney, Darnell T. Flowers, had not adequately represented them on appeal to the BIA. The BIA denied the motion to reopen. It initially determined that they had failed to comply with the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). Furthermore, the BIA concluded that the petitioners had failed to establish that they suffered prejudice as a result of the alleged ineffective assistance. Cubillos and Isaza petition for review.

**II.**

As an initial matter, we conclude that we do not have jurisdiction to review the petition insofar as it attacks both the IJ's adverse credibility determination against Cubillos and the underlying decisions denying the petitioners' application for asylum and withholding of removal. A petitioner has only thirty days from the date of the final order of removal within which to file a petition for review. 8 U.S.C. § 1252(b)(1). This limitation period is "mandatory and jurisdictional." Dakane, 399 F.3d at 1272 n.3 (internal quotation marks and citation omitted). The final order of removal in this case was entered on May 10, 2007. Cubillos and Isaza did not file a petition for review until nearly five months later in October 2007. This Court cannot, therefore, review the IJ's adverse credibility determination or the denial of the petitioners' application for asylum and withholding of removal. See id. (refusing to consider the merits of the BIA's final order of removal based on a lack of jurisdiction because it took the alien over four months to file a petition for review).

We also lack jurisdiction to review the petitioners' claims, which they raise for the first time in this Court, that they were prejudiced by Flowers' ineffective assistance during the course of their removal hearing. The petitioners' motion to reopen was based exclusively on the alleged inadequacies of Flowers' representation before the BIA on appeal. Because the petitioners' motion failed to

3

challenge the effectiveness of Flowers' representation during the course of the removal hearing, this Court lacks jurisdiction to consider those claims. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001) (finding that the Court lacked jurisdiction to consider an issue that the petitioner failed to raise before the BIA).

### III.

With respect to the petition insofar as it challenges the BIA's denial of the motion to reopen, we review only for an abuse of discretion. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). "In this particular area, the BIA's discretion is quite broad," Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999) (per curiam), and our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious," Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

"[A]n alien in civil deportation proceedings, while not entitled to a Sixth Amendment right to counsel, has the constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing to effective assistance of counsel where counsel has been obtained." Dakane v. U.S. Att'y

4

Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). A motion to reopen based on an

ineffective assistance of counsel claim requires:

> (1) that the motion be supported by an affidavit of the allegedly
> aggrieved respondent setting forth in detail the agreement that was
> entered into with counsel with respect to the actions to be taken and
> what representations counsel did or did not make to the respondent in
> this regard, (2) that counsel whose integrity or competence is being
> impugned be informed of the allegations leveled against him and be
> given an opportunity to respond, and (3) that the motion reflect
> whether a complaint has been filed with appropriate disciplinary
> authorities with respect to any violation of counsel's ethical or legal
> responsibilities, and if not, why not.

Id. at 1274 (quoting Lozada, 19 I & N Dec. at 639).

In addition to establishing "substantial, if not exact, compliance with the

procedural requirements of Lozada, a petitioner claiming ineffective assistance of

counsel . . . must also show prejudice." Id. "Prejudice exists when the

performance of counsel is so inadequate that there is a reasonable probability that

but for the attorney's error, the outcome of the proceedings would have been

different." Id.

We conclude that the BIA did not abuse its discretion by denying the

petitioners' motion to reopen. Although Cubillos and Isaza contend that they

satisfied all three of the Lozada requirements, they failed to comply with at least

the second prong.[1] In arguing that they complied with this requirement, Cubillos

---

[1] Cubillos and Isaza also contend that the BIA erred by determining that they had not
satisfied the third prong of Lozada. In support of their motion to reopen, Cubillos submitted an

5

and Isaza contend that the BIA applied the wrong legal standard when it concluded that "[t]here is no evidence that the respondents specifically informed Mr. Flowers of the instant motion and gave him an opportunity to respond in a timely manner." The petitioners contend that Lozada does not require, as the BIA suggested, that the attorney be informed that a motion to reopen has been filed but instead requires only that the attorney be informed of the allegations of ineffective assistance.

Even if the petitioners' interpretation of Lozada is correct, Cubillos' affidavit does not establish that Flowers was "informed of the allegations leveled against him" or "given an opportunity to respond." Dakane, 399 F.3d at 1274 (quoting Lozada, 19 I & N Dec. at 639). Cubillos' affidavit attested only that: (1) Flowers told her he was going to transfer the case to Nashville, Tennessee, which never happened; (2) while Flowers was preparing the appeal, Cubillos was unable to contact him and he stopped returning her calls; (3) Flowers eventually scheduled an appointment to meet with Cubillos on May 17, 2007 but cancelled the day before the meeting; (4) Flowers informed Cubillos that he could no longer

affidavit, which alleged that she had filed a complaint against Flowers with the Tennessee Board of Professional Responsibility. Although the affidavit stated that a copy of the bar complaint was attached to the motion to reopen, the record does not reflect that such a complaint was ever attached. In denying the motion to reopen, the BIA noted that the petitioners had failed to produce "any evidence to substantiate their assertion" of having filed a bar complaint. This Court has never decided whether a mere statement in an affidavit that a bar complaint has been filed, without any supporting evidence, constitutes compliance with the third Lozada requirement. We need not decide that issue in this case because the petitioners failed to satisfy the second requirement.

represent her; (5) Flowers told Cubillos that he would send her file back to her, which he never did; and (6) Flowers failed to file a brief in Cubillos' appeal. Those allegations do not establish that Cubillos ever informed Flowers of her ineffective assistance claims or gave him an opportunity to respond.

Because the petitioners did not satisfy the second <u>Lozada</u> requirement, the BIA did not abuse its discretion by denying their motion to reopen. Accordingly, we dismiss the petition insofar as it challenges the denial of the motion to reopen.[2]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2] The petitioners also argue that they were entitled to a rebuttable presumption of prejudice because Flowers failed to file an appellate brief with the BIA. Because a motion to reopen based on ineffective assistance of counsel must both comply with the <u>Lozada</u> procedural requirements and establish prejudice, <u>see</u> <u>Dakane</u>, 399 F.3d at 1274, we need not decide whether the BIA abused its discretion by determining that the petitioners had not shown prejudice as a result of their former attorney's conduct.